## McCrea's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ.

*Edwin S. Lower, Jr.*, and *Paul Reilly*, for exceptants.

*Richard K. Stevens*, contra.

SINKLER, J., June 22, 1934.—An attachment sur judgment was issued against the accountants as garnishees, attaching the share of one of the distributees. While the auditing judge had notice of the existence of this attachment as well as of an assignment made by the same distributee, it does not appear from either the adjudication or notes of testimony that the validity of either the attachment or assignment was questioned at the audit, nor was any question raised as to whether certain provisions in the will creating a spendthrift trust relieved the principal or income from attachment or prohibited an assignment thereof. Certain clauses in the will were construed by the auditing judge as creating a spendthrift trust, these clauses having come before him for consideration in determining the question of the validity of certain equitable life estates. He concluded that these life estates were valid, and possibly inferentially therefore decided that the income was not subject to anticipation, assignment, or attachment, but the question was not squarely decided because not squarely raised.

Exceptions to the adjudication were dismissed in an opinion by Van Dusen, J., but these did not raise the question of the validity of the attachment or assignment. This is clear from his opinion dismissing the exceptions.

A schedule of distribution was filed, and credit was taken therein for certain items paid to the judgment debtor, including one item of $416. This amount, according to the attachment debtor and the accountants, was not actually paid to him but was retained by the accountants pending a determination of the question whether the attachment was valid in view of the alleged spendthrift trust. They were advised, however, to disregard the attachment in the schedule of distribution. The awards in the adjudication were made subject to attachments and assignments. This is construed to mean only formal recognition of the existence of the attachment and assignments, and does not involve a determination of the validity thereof.

The questions before us cannot be determined upon exceptions to the schedule of distribution. Since neither the attaching creditor nor the assignee submitted to the auditing judge the determination of their rights, they have now no legal

right to ask for further opportunity to be heard. As a matter of grace and with the consent of the auditing judge, the adjudication will be referred back to him for his consideration of these questions which were not raised before him at the audit.

Authority is to be found in reported cases upon the jurisdiction of this court in such matters. In Moorhead's Estate, 27 Dist. R. 15, it is held by Miller, J., of the Orphans' Court of Allegheny County, that the orphans' court has concurrent jurisdiction with the common pleas to determine the validity of an attachment of a fund before the court for audit and involving alleged spendthrift provisions in a testamentary trust. If it is clear that the will has created a spendthrift trust, the attachment may be held invalid and the award made directly to the distributee.

And now, June 22, 1934, the adjudication, with the consent of the auditing judge, is recommitted to him for further consideration in accordance with this opinion.